William Riley HUGHES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–124.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1977.

R. M. Helton, Wichita Falls, Tex., for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The Appellant, William Riley Hughes, hereinafter referred to as defendant, was charged in the District Court, Jefferson County, Case No. CRM–76–41, with the offense of Transporting a Loaded Firearm, in violation of 21 O.S.1971, § 1289.13. The evidence was stipulated to by the parties and submitted to the trial court after a jury was waived. Upon conviction by the trial court, punishment was fixed at a fine of Two Hundred Dollars ($200.00) and costs.

This case is a companion case of *Hughes v. State*, Okl.Cr., 572 P.2d 573 (M–77–125, 1977), recently affirmed by this Court wherein the defendant was charged and convicted in the District Court, Jefferson County, for Unlawfully Transporting for Sale Outside of the State of Oklahoma Minnows Which Were Seined or Procured Within the Waters of Oklahoma. During, or after the defendant's initial arrest on the "minnow" charge, a loaded weapon was found in his truck and the instant charge resulted.

The stipulated facts are as follows: The defendant was first arrested in Waurika on the "minnow" charge by an Oklahoma Game Ranger; the defendant was then taken to the Jefferson County Courthouse and detained for approximately one hour before he was arrested on the instant charge; at all times his pickup containing a load of minnows was parked outside the courthouse; he was never permitted to be at or near his pickup during the one hour period; the first he knew of his second arrest was upon oral notification originating from persons in the Sheriff's Department that he would also be charged with Transporting a Loaded Firearm; his loaded .38 caliber revolver had been seized from his parked pickup by personnel of the Sheriff's Department; from the moment of his first arrest his loaded revolver was on the dashboard of his pickup, in open view.

The defendant's sole assignment of error in this case is that the stipulated evidence was inadmissible since it was based upon an

illegal arrest on the "minnow" charge because the initial arrest was founded upon an unconstitutional statute. In his brief, the defendant admits that if his conviction on the "minnow" charge is affirmed, then his appeal in the instant case must fail. We need only note that the defendant's conviction of the initial charge was recently affirmed in *Hughes v. State, supra.*

Considering only the stipulation of facts, it is apparent that the loaded firearm was on the dashboard of the defendant's pickup, open to the view of anyone who cared to look. It does not follow that an officer making a good faith arrest under a statute presumed to be constitutional, is not in a place where he has a right to be. Being in a place where he has a right to be, he may view that which is in plain sight. If he views evidence of an independent crime, that evidence is properly admissible to prove the commission of said crime.

For both reasons set out above the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

CORNISH and BRETT, JJ., concur.